IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

                                        Cr. No. 21-20147-TLP

LASHUN JENKINS,

      Defendant,

_____

**MOTION IN LIMINE**
_____

Comes now the defendant, Lashun Jenkins, by and through his counsel of record, Serena R. Gray, submits the following motion in limine for determination by the Court:

1. Defendant moves this Court to Order that the government not be allowed to introduce evidence of "Crimes, Wrongs, or Other Acts" by the defendant pursuant to FRE 404(b). The defense has not received any notice of the government's intention to use any such evidence at this time. The defense requested notice of government's intention to use such evidence in its Rule 16 Discovery Request, filed November 4, 2021 (Docket No. 13).

2. Defendant moves this Court to Order that the government not be allowed to introduce a recording of a jail call pursuant to FRE 403 and 404 (b). Ms. Jenkins anticipates that the government will attempt to admit a recording of a jail call between Ms. Jenkins and a person that was in custody. However, the phone call refers to previous arrests and cases, which is not only evidence of a prior crime, wrong or act, but its probative value is substantially outweighed by its unfair prejudice. Furthermore, the content of the call can confuse the issues, thus confusing the jury and is not relevant to prove any of the elements of the offense charged.

3. Defendant moves this Court to Order that the government not be allowed to introduce text messages pursuant to FRE 403 and 404 (b). Ms. Jenkins anticipates that the government will attempt to admit texts messages. However, the content of the text messages refers to prior wrongs and acts, which is not only evidence of a prior wrong or act, but its probative value is substantially outweighed by its unfair prejudice. Furthermore, the content of the text messages can confuse the issues, thus confusing the jury and is not relevant to prove any of the elements of the offense charged.

4. Defendant moves this Court to Order that the government not be allowed to use any prior statements of Ms. Jenkins in either its case in chief or as rebuttal proof that have not been provided to defense at this time. The defense requested all such statements in its Rule 16 Discovery Request (Docket No. 13). The government has not provided proof of statements or any phone recordings or indicated the existence of such at this time.

Respectfully Submitted,

DORIS RANDLE-HOLT
FEDERAL DEFENDER

/s/ Serena R. Gray
Assistant Federal Defender
200 Jefferson Ave., Suite 200
Memphis, TN 38103
(901) 544-3895

## CERTIFICATE OF SERVICE

I, Serena R. Gray, certify that a true copy of the foregoing Motion in Limine was forwarded via the Court's electronic filing system to Ms. Lauren Delery, Assistant United States Attorney, 167 North Main, Suite 800, Memphis, Tennessee, 38103.

This, the 21st day of March 2022.

/s/ Serena R. Gray
Assistant Federal Defender